IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JAMES CROSS, JR., | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | CIVIL No: 7:14-CV-0155-HL |
| MR. BALLARD, | : | |
| | : | |
| Defendant | : | |

## ORDER

Plaintiff **JAMES CROSS, JR.**, an inmate currently confined at the Fulton County Jail in Atlanta, Georgia, has filed what the Court construes to be a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983. Plaintiff has not paid the Court's $350.00 filing fee; nor has he moved for leave to proceed without prepayment of the required fee. The Court has nonetheless conducted a review of Plaintiff's Complaint (Doc. 1, 1-1), and it is clear on the face of Plaintiff's pleading that his claims are time-barred. Plaintiff's Complaint is accordingly **DISMISSED**. Leave to proceed *in forma pauperis* shall be **GRANTED** only for the purpose of dismissal.

### I.  STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(a), the district court is required to conduct a preliminary review of prisoner complaints. In so doing, the district court must accept all factual allegations in the complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and will be "liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* prisoner's pleading will, however, be dismissed prior to service if the court finds that the complaint – when viewed liberally and in the light most favorable to the plaintiff – is frivolous or

malicious, seeks relief from an immune defendant, or otherwise fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b).  See also, Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  If allegations in the complaint plainly show that relief is barred by the applicable statute of limitations, it fails to state an actionable a claim and thus is properly dismissed prior to service. See Jones v. Bock, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L.Ed.2d 798 (2007); 28 U.S.C. § 1915A.

## II.     PRELIMINARY REVIEW,   28 U.S.C. § 1915A

In this case, Plaintiff's pleading plainly states that all of his clams arise from events occurring between August 19, 2010, and March 7, 2011.  See Compl. (Doc. 1-1) at 3.  His factual allegations likewise show that Plaintiff knew he had been injured and who inflicted his injuries on or before March 7, 2011.  In the State of Georgia, § 1983 claims have a two-year statute of limitations.  See Owens v. Okure, 488 U.S. 235, 236, 109 S.Ct. 573, 574, 102 L.Ed.2d 594 (1989), O.C.G.A. § 9-3-33.  This limitations period begins to run when "the plaintiff knows or has reason to know (1) that he was injured, and (2) who inflicted the injury." Johnson v. Greaves, 366 F. App'x 976, 978 (11th Cir. 2010) (citing Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996).  The statute of limitations for the claims asserted in Plaintiff's Complaint thus expired - at the very latest - on March 7, 2013.  Plaintiff's Complaint was mailed to this Court on or about October 1, 2014, more than one year past the expiration of the statute of limitations for Plaintiff's claims.

So, even when liberally construed, it "appear[s] beyond a doubt from the [C]omplaint itself that [Plaintiff] can prove no set of facts which would avoid a statute of limitations bar." Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003).  Plaintiff's allegations accordingly fail to state a cognizable claim for relief; and his Complaint must be dismissed for failure to state a claim. 28 U.S.C. § 1915(e); Jones, 549 U.S. at 215.

## CONCLUSION

Plaintiff Complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

**SO ORDERED** this 27th day of October, 2014.

*s/ Hugh Lawson*_____
Hugh Lawson, Judge
UNITED STATES DISTRICT COURT

jlr